## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR33** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **RANDY L. JOHNSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 32) issued by Magistrate Judge Thomas D. Thalken recommending that the Motion to Suppress filed by the Defendant, Randy L. Johnson (Filing No. 18) be granted.  The government filed a statement of objection to the Report and Recommendation (Filing No. 35) and a supporting brief (Filing No. 36) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Johnson is charged in Count I of an Indictment with being under indictment for a felony while possessing a firearm in violation of 18 U.S.C. § 922(n).  Johnson seeks an order suppressing all statements[1] obtained from him on August 26, 2004.

Following an evidentiary hearing on the Motions, Judge Thalken issued a Report and Recommendation in which he determined: Johnson's August 26, 2004, arrest was improper and unlawful; during the subsequent interrogation at OPD headquarters, Johnson's will was overborne and the government has not overcome the primary taint of

---

[1]The motion does not include a request to suppress the firearm; rather, the motion only requests suppression of statements.  (Filing Nos. 18, 19, TR 81-85 & 88-89.)

the illegal arrest.  On the basis of these determinations, Judge Thalken recommended that the Defendant's Motion to Suppress be granted.  The government has objected.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the government has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events leading up to Johnson's arrest and questioning.  The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 30).  The Court also carefully viewed the evidence, including the videotape.  Based on the Court's de novo review of the evidence, and the lack of objection to Judge Thalken's factual summary, the Court adopts this statement of facts in its entirety.

## ANALYSIS

The government objects to the following conclusions: 1) Johnson was arrested without probable cause; and 2) Johnson's will was overborne, resulting in his involuntary statement.  The government also objects to the ultimate conclusion that the Defendant's motion should be granted.

***Probable Cause for Arrest***

The government's argument is based in part on the premise that Judge Thalken recommended suppression of the firearm. (Filing No. 36, at 1.) However, Judge Thalken stated that "[t]he finding of the firearm was legitimate. No illegal search was conducted to discover it since the firearm was discarded on the ground." (Filing No. 32, at 5.) Moreover, in recommending that Johnson's motion be granted, Judge Thalken recommended granting the relief requested in the motion, i.e. the suppression of Johnson's statement.

Turning to the issue of Johnson's arrest, the Court agrees with Judge Thalken's opinion that, if Johnson had a firearm in his pocket when he was found probable cause would have existed for the arrest, and his case would be close in fact to *Florida v. J.L.,* 529 U.S. 266 (2000). In *J.L.,* an anonymous tip indicated that a young black male at a particular bus stop and wearing a plaid shirt was carrying a gun. Six minutes later, officers arrived and found three black males, and observed no gun or illegal conduct. J.L. was patted down, and a gun was seized from his pocket. *Id.* at 268. The Court held that an anonymous tip absent any indicia of reliability does not alone justify a stop and frisk for an illegal firearm. *Id.* at 274. However, in this case an anonymous tip was received that a black male with other individuals at 41st and Spencer Streets in Omaha, Nebraska wore a sports jersey with the number 16 and had a firearm hidden in the back of his pants. (TR 11-13.) Two minutes later, officers arrived to find between six and eighty black males, one of whom wore a jersey with the number 16. This individual was later identified as the Defendant, Randy Johnson. Johnson was patted down, and nothing was found on his person. Johnson, as well as the other men, had been in the vicinity of the bush where the gun was found. Officers had no information connecting Johnson to the gun. (TR 24, 48-

3

49, 57-58.)  Yet, Johnson was arrested because he matched the limited description and the gun was found under a bush in the area.  (TR 32.)  As the Supreme Court stated in *J.L.,* an anonymous tip must be correct in its assertion of illegality, not just with respect to identifying a specific person.  *J.L.,* 529 U.S. at 272.  Johnson's case fails to meet this test.

For these reasons, Judge Thalken's conclusion that Johnson's arrest was absent probable cause and unlawful is adopted. This conclusion does not result in suppression of the firearm.

### *Statement*

Johnson's statement given at OPD headquarters after his arrest was obtained as a result of his illegal arrest.  However, the statement may be admitted if the government purges the taint of the illegal arrest.  *United States v. Reinholz,* 245 F.3d 765, 779 (8ᵗʰ Cir. 2001) (citing *Wong Sun v. United States,* 371 U.S. 471, 484-88 (1963)).  In deciding whether statements made to law enforcement after an illegal arrest are admissible, the Court considers four factors: 1) whether *Miranda* rights were administered prior to the statement; 2) the temporal proximity between the arrest and the statement; 3) the existence of intervening causes between the arrest and the statement; and 4) the "purpose or flagrancy of the official misconduct."  *Id.* (citing *Brown v. Illinois,* 422 U.S. 590, 602 (1975)).

Viewing these factors, it is apparent that Johnson's statement was a direct result of his arrest.  The intervening time span was not long; Johnson was transported and taken to the interview room at police headquarters.  No intervening causes existed.  *Miranda* rights were given.  The most influential factor is the flagrancy of the official misconduct. The Court viewed the videotape, which depicted a very lengthy, slow-paced interrogation

4

in a small interview room during which Johnson underwent buccal swabs and, as Judge Thalken stated, "overblown and exaggerated claims of DNA connections." Officer Henthorn lied to Johnson in telling him that his fingerprints had been found on the gun, and obviously this lie caused Johnson's confession. Henthorn still did not let up, raising his voice and continuing with threats of what might happen to Johnson legally if the gun is connected to a shooting and if he faced a felony. Clearly, the totality of the circumstances indicate that Johnson's will was overborne and the government failed to overcome the primary taint of Johnson's unlawful arrest.

For these reasons, Judge Thalken's recommendation that Johnson's statement should be suppressed.

## CONCLUSION

For the reasons discussed, the Court finds that the Defendant's motion to suppress should be granted.

IT IS ORDERED:

1.    The Magistrate Judge's Report and Recommendation (Filing No. 32) is adopted in its entirety;

2.    The government's statement of objection to the Report and Recommendation  (Filing No. 35) is denied;

3.    The Defendant's Motion to Suppress (Filing No. 18) is granted.

DATED this 2nd day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge